<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4969**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

LESHANTA SULLIVAN,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  G. Ross Anderson, Jr., Senior District Judge.  (6:05-cr-00705-GRA-1)

Submitted:  May 8, 2014           Decided:  May 14, 2014

Before SHEDD and DUNCAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Jamie L. Schoen, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leshanta Sullivan appeals from the ten-month sentence imposed upon the district court's revocation of his supervised release. On appeal, Sullivan's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious grounds for appeal but questions whether Sullivan's sentence is plainly unreasonable. Although advised of his right to file a supplemental pro se brief, Sullivan has not done so. We affirm.

A sentence imposed after revocation of supervised release should be affirmed "if it is within the statutory maximum and is not 'plainly unreasonable.'" United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013) (quoting United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006)). "In making this determination, we first consider whether the sentence imposed is procedurally or substantively unreasonable." Id. A sentence imposed upon revocation of supervised release is procedurally reasonable if the district court considered the Chapter 7 policy statements in the Guidelines and the applicable sentencing factors, see id. at 641 (citing 18 U.S.C. §§ 3553(a), 3583(e) (2012)), and adequately explained the sentence imposed, though the "court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence," United States v. Thompson, 595 F.3d

2

544, 547 (4th Cir. 2010). A sentence imposed upon revocation of supervised release is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, within the statutory maximum. Crudup, 461 F.3d at 440. We affirm if the sentence is not unreasonable. Id. at 439.

We conclude that Sullivan's sentence is both procedurally and substantively reasonable. The district court considered the Chapter 7 policy statements and relevant statutory factors. The court emphasized Sullivan's repeated failure to comply with the terms of supervised release, as well as the need to deter Sullivan from engaging in future criminal conduct. Finally, the district court properly imposed a sentence within the policy statement range and below the statutory maximum.

In accordance with Anders, we have reviewed the entire record and have found no meritorious grounds for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that

a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED